**Joel Max FOWLER et al., Plaintiffs-Appellees,**

v.

**David HUBER, Defendant-Appellant.**

**No. 29724.**

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1971.

Blake G. Arata, City Atty., Leo W. Rousselle, Asst. City Atty., for defendant-appellant.

James C. Garrison, Dist. Atty., James L. Alcock, Asst. Dist. Atty., Kendall L. Vick, New Orleans, La., for plaintiffs-appellees.

Before GODBOLD, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

At the conclusion of a hearing on an order requiring the defendant, David Huber, to show cause why he should not be *punished* for contempt because of misconduct in disobeying an injunctive order, the court below entered a "Judgment for Civil Contempt" in the pending civil action in which the injunction had been issued. The judgment read:

> "On the 29th day of April, 1970, the court, having heard and considered the evidence in this matter, found the defendant, David Huber, in Civil Contempt for failing to obey, comply with and carry out the provisions of the preliminary injunction duly entered herein on December 12, 1969.
>
> "Now on this 30th day of April, 1970:
>
> "IT IS ORDERED, ADJUDGED AND DECREED that the imposition of a jail sentence is suspended and the defendant David Huber, is hereby fined the sum of $100.00 to stand committed for payment of the fine.
>
> "The defendant is given one week to pay the fine."

On this appeal the defendant contends (1) the sentence amounted to an impermissible criminal, rather than civil, sanction because it imposed an indefinite jail sentence without a jury trial, and (2) the court erred in adjudicating that the defendant was guilty of any contempt, civil or criminal.

■■ Civil contempt sanctions generally fall into two categories: (a) coercive measures, such as a conditional fine or imprisonment which the contemptor may avoid by compliance with the court's adjudication; and (b) compensatory provisos, such as a monetary levy payable to the offended party which will remedy damages flowing from past disobedience or other orders designed to restore the status quo. Whereas, criminal contempt punishments normally take the form of unconditional punitive or disciplinary fines or imprisonment and are designed to penalize past disobedience and to deter future affronts to the court or its decrees. Thus, the imposition of the punishments ordered in the above judgment could have raised

serious questions in their purely civil setting, but for the fact that counsel now jointly advise this court the defendant has never been incarcerated under the provisions of this order and the fine imposed thereby was rescinded before being paid. Since the defendant has been deprived of neither his liberty nor his property, we hold the present appeal attacking the terms of punishment imposed is moot. We do find however, that there was evidence upon which a valid adjudication of civil contempt could be based. We therefore vacate the order portion of the court's judgment recited above and affirm the finding that the conduct of the defendant constituted civil contempt.

Affirmed in part and vacated in part.